■ ZANIFA FIGARO, an Infant, by Her Mother and Natural

Guardian, ROBECCA FLETCHER, et al., Respondents, v LYDIA PRICE et al., Appellants. [601 NYS2d 812] —In a negligence action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Held, J.), entered January 28, 1993, which granted the plaintiffs' motion to set aside a jury verdict in favor of the defendants as contrary to the weight of the evidence and granted a new trial.

Ordered that the order is reversed, on the facts and as a matter of discretion, with costs, the plaintiffs' motion to set aside the verdict is denied, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment on the verdict.

On September 24, 1989, the infant plaintiff, Zanifa Figaro, was injured as she was crossing Troy Avenue in Brooklyn, when she was struck by a car driven by the defendant Yvette Welsh and owned by the defendant Lydia Price. A jury trial was held to determine solely the issue of liability. After the jury found that the defendants were not negligent, the Supreme Court set aside the verdict as against the weight of the evidence and granted a new trial.

Because the jury could have reached its verdict that the defendants were not negligent on a fair interpretation of the evidence, it was an improvident exercise of discretion for the Supreme Court to set aside the jury verdict in favor of the defendants as contrary to the weight of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). Mangano, P. J., Rosenblatt, O'Brien and Copertino, JJ., concur.